FILED          ENTERED
LODGED          RECEIVED

OCT 1 3 2000

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>DANTE NARTE,<br><br>                  Defendant. | No. CR00-184Z<br><br>ORDER |

This matter comes before the Court on defendant Narte's motion to dismiss in light of Apprendi v. New Jersey and its progeny, docket no. 205. The Court has considered defendant Javier's motion to join in defendant Narte's motion to dismiss. The Court hereby GRANTS that motion. The Court has considered defendant Narte's motion for leave to file overlength brief, docket no. 204. The Court hereby GRANTS that motion.

Defendant Narte has pled guilty to count one (1) of the indictment, charging him with knowingly and intentionally conspiring to import and distribute one hundred or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 956, 960 (b)(2)(G) and 963. Defendant Narte has now moved to dismiss the prosecution on the grounds that Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), renders 21 U.S.C. § 841(a) et seq. unconstitutional. The motion, docket no. 205, is DENIED for the reasons stated herein.

221

ORDER 1–

1     In Apprendi, the Court held that only facts that increase the penalty for a crime
2   beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a
3   reasonable doubt. Apprendi, 120 S.Ct. at 2355. In United States v. Nordby, the Court of
4   Appeals for the Ninth Circuit held that, under Apprendi, a sentencing judge could not find
5   facts by a preponderance of the evidence standard at sentencing that increased the statutory
6   maximum sentence under 21 U.S.C. § 841(a) et seq. United States v. Nordby, 2000 WL
7   1277211 (9th Cir. 2000).

8     Here, facts necessary to support the conviction and sentence were admitted by
9   defendant Narte as part of a plea agreement with the government. See plea agreement, docket
10  no. 95. Therefore, the facts are deemed proven and there is no need to submit them to a jury.
11  Apprendi is not implicated and the defendant's contention that 21 U.S.C. § 841(a) et seq. is
12  unconstitutional is without merit. See Doe v. U.S., 2000 WL 1217850, * 3 (D.N.J. 2000);
13  U.S. v. Walker, 2000 WL 1392758, * 3 (11th Cir. 2000).

14    Further, defendant contends that his sentence "must be no more than five years." See
15  Memorandum in Support of Motion to Dismiss, docket no. 205, at 16. However, in the plea
16  agreement defendant Narte stipulated to the following fact: "Dante Narte and his associates
17  arranged for and distributed an amount in excess of 100 kilograms of marijuana." See plea
18  agreement, docket no. 95, ¶ 6. Because defendant Narte has stipulated that "in excess of 100
19  kilograms of marijuana" was involved in his offense, he is subject to sentencing under 21
20  U.S.C. § 841(b)(1)(B), establishing a sentencing range of "not less than 5 years and not more
21  than 40 years." 21 U.S.C. § 841(b)(1)(B)(applicable to "100 kilograms or more of a mixture
22  or substance containing a detectable amount of marijuana[.]") See Doe v. U.S., 2000 WL
23  1217850, * 3. Defendant will be sentenced accordingly.

24    In making factual determinations at sentencing, the Court will consider the facts
25  admitted in the plea agreement together with other evidence having "sufficient indicia of
26  reliability to support its probable accuracy." United States v. Hopper, 27 F.3d 378, 382 (9th

ORDER  2–

1    Cir. 1994); <u>United States v. Hernandez-Guardado</u>, 2000 WL 1264596, *9 (9th Cir. Sept. 7,

2    2000) (facts based on presentence report can be relied upon after <u>Apprendi</u> to impose

3    sentencing enhancements under the guidelines.)  The Court will apply a preponderance of the

4    evidence standard to determine the amount of marijuana in this case and the applicable

5    guideline range.  <u>See United States v. Meshack</u>, 225 F.3d 556 (5th Cir. August 28, 2000)

6    (preponderance standard applies to sentencing enhancement after <u>Apprendi</u>).

7         IT IS SO ORDERED.

8         DATED this ___13th___day of October, 2000.

9

10

11                                              THOMAS S. ZILLY
                                                UNITED STATES DISTRICT JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER  3–