FILED _____ ENTERED
LODGED _____ RECEIVED

**OCT 2 7 2000**

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
#### AT SEATTLE

UNITED STATES OF AMERICA,           )
                                    )
              Plaintiff,            )   NO. CR00-184Z
                                    )
       v.                           )   PLEA AGREEMENT
                                    )
ROBERT RABANG, SR.,                 )
                                    )
              Defendant.            )
_____)

The United States of America, by and through Katrina C. Pflaumer, United States Attorney for the Western District of Washington, and Susan M. Roe and Hugh W. Berry, Assistant United States Attorneys, for said District, and the defendant, Robert Rabang, Sr., by and through counsel, Michael Nance, enter into the following Plea Agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure:

1. The defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and to enter a plea of guilty to a charge brought by the United States Attorney in a First Superseding Information.

2. The defendant, having been advised of his right to have this matter tried to a jury, agrees to waive that right and to plead guilty to Count 1 of the First Superseding Information, charging him with knowingly and intentionally conspiring to import and to distribute one hundred or more kilograms of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), 846, 952(a), 960 (b)(2)(G) and 963. The elements, which the government would have to prove beyond a reasonable doubt at trial, are 1) that within the Western District of Washington, the defendant

247

knowingly and intentionally conspired with others 2) to import and distribute into the United States, 3) marijuana, a controlled substance. The defendant further understands and acknowledges that under *Apprendi v. New Jersey,* 120 S. Ct. 2348 (2000), if this matter were to go to trial, the government would have the burden of proving, beyond a reasonable doubt, any quantity of drugs attributable to the defendant that increases the maximum statutory penalties to which the defendant is subject above those set forth in Title 21, United States Code, Section 841(b)(1)(D).  By entering this plea of guilty, the defendant waives the right to have this sentencing factor determined by a jury.

2. The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. The right to persist in his plea of not guilty;

b. The right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. The right to a trial before a jury of his peers and the right to the effective assistance of counsel at that trial;

d. The right to confront and cross-examine witnesses against him;

e. The right to compel or subpoena witnesses to appear on his behalf; and

f. The right to testify or to remain silent at trial, at which such silence could not be used against him.

g. The right to appeal pretrial rulings or a finding of guilt at trial.

3. The defendant understands and acknowledges that the statutory penalties for Count 1 are a mandatory minimum term of imprisonment of five years up to forty years; a fine of up to two million dollars ($2,000,000) or both and that the defendant is subject to a term of at least four and up to five years of supervised release. He understands that upon his plea, pursuant to Title 18, United States Code, Section 3013, he is subject to a mandatory special assessment of one hundred dollars ($100) which is to be paid to the Crime Victim Fund. Additionally, the defendant understands

that by pleading guilty to a felony drug offense, he will become ineligible for certain food stamp and social security benefits under Title 21, United States Code, Section 862a.

4.  The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.  Defendant understands further that the Court can and may impose the maximum sentence provided by law.

5.  The defendant understands the following:

a.  that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to this case;

b.  that the Court will determine the defendant's applicable sentencing guideline range at the time of sentencing;

c.  that the Court must impose a term of supervised release;

d.  that the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable sentencing guidelines range;

e.  that the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the sentencing guideline range offered by the parties or the United States Probation Department; and

f.  that defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

6.  The defendant stipulates the following facts are true and form a basis for his plea of guilty and for the purpose of calculating the defendant's base offense level under the Sentencing Guidelines:

Between 1995 and January 2000, Robert Rabang, Sr. was involved in a conspiracy with other persons to import marijuana from Canada into the United States for distribution to other persons.  Among the persons involved in the conspiracy was the defendant's juvenile son, who was under the age of eighteen during the time period of the conspiracy alleged in Count 1.  The defendant used his juvenile son to help

facilitate the objects of the conspiracy: the importation and distribution of marijuana.

The Government and the defendant stipulate and agree that during the time period of the conspiracy charged in Count 1, the defendant was responsible for the importation and distribution of at least one hundred (100) kilograms but less than four hundred kilograms of marijuana.

The Government and the defendant stipulate and agree that although there were various other members involved in the conspiracy, the evidence available to the Government would indicate that the defendant managed and supervised only his juvenile son during the conspiracy and that therefore no leadership enhancement under §3B1.1 of the Sentencing Guidelines is appropriate.

The Government and the defendant stipulate and agree that during the course of the conspiracy charged in Count 1, the defendant did not possess any dangerous weapon as defined in §2D1.1, and that no enhancement pursuant to that section is applicable.

7. The United States Attorney's Office for the Western District of Washington, as part of this Plea Agreement, agrees not to prosecute the defendant for any additional offenses known at the time of this Agreement. The United States also agrees that it will not prosecute the defendant's minor son for the conduct referred to in paragraph 6 because Mr. Rabang takes responsibility for his son's actions by the terms of the Plea Agreement and by this guilty plea. The United States agrees to recommend a sentence at the low end of the applicable guideline range.

8. The defendant agrees to identify and to forfeit to the United States all of his interest in property that is proceeds of his crimes and all property that facilitated his crimes. This includes all real and personal property constituting or derived from proceeds the defendant received directly or indirectly as a result of the crimes charged in the Information, and all real and personal property used in any manner or part, or intended to be used, to commit and to facilitate the commission of such crimes, including but not limited to the following:

1   Residence at 5913 Johnny Court, Deming, Washington,

2   Ruger pistol with missing slide and barrel,

3   9mm magazine and ammunition,

4   Para Ordnance .45 caliber semi-automatic pistol,

5   Mossberg 12 gauge shotgun,

6   Rolex Oyster watch,

7   Movado watch,

8   $1,650 in U.S. currency.

9   　　　In order to effect this forfeiture provision, the defendant agrees to take whatever

10  steps are necessary to pass clear title to the United States, including but not limited to

11  making a truthful statement to the Government about the properties, surrendering the

12  title to the properties, taking whatever steps are necessary to ensure that assets

13  subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made

14  unavailable for forfeiture, signing a Preliminary Order of Forfeiture before or at

15  sentencing, and signing of any other documents necessary to transfer the properties to

16  the Government.  The defendant agrees not to file a claim to the listed assets in any

17  civil forfeiture proceeding, administrative or judicial, which may be initiated.

18  　　　9.  The defendant acknowledges that he has entered this Plea Agreement freely

19  and voluntarily, and with the advice and concurrence of counsel.  He further

20  acknowledges that no threats or promises, other than the promises contained in this

21  Plea Agreement, have been made by the United States to induce him to enter his plea

22  of guilty.

23

24

25

26

27

28

10.  The United States and defendant acknowledge that the above-stated terms and conditions constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not expressly stated herein.

DATED this 27th day of October, 2000.


ROBERT RABANG, SR.
Defendant


MICHAEL NANCE
Attorney for Defendant Robert Rabang, Sr.


BONNIE MacNAUGHTON
Assistant United States Attorney


SUSAN M. ROE
Assistant United States Attorney